# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Elizabeth A. Fairchild,

        Plaintiff,         Case Number 5:19-Cv-11849

V.

                              Hon. Judith E. Levy

Larry Dean Fairchild,         United States District Judge

        Defendant.        Mag. J. Stephanie Dawkins Davis

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Elizabeth Fairchild's civil rights complaint under 42 U.S.C. § 1983 is before the Court for initial screening. Under 28 U.S.C. §§ 1915A and 1915(e) and 42 U.S.C. § 1997e(c)(1), the Court is required to dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Having made such a finding, the Court will dismiss the complaint.

## I.   Plaintiff's Pleadings

On June 12, 2019, plaintiff simultaneously filed a Complaint (ECF No. 1) and an Addendum (ECF No. 2). Approximately a month later,

plaintiff supplemented her pleadings with Documents (ECF No. 8) and Exhibits (ECF No. 10). Fairchild's caption includes only Larry D. Fairchild as a named defendant. Her pleadings, sometimes difficult to read and understand, name several other individuals and entities and numerous potential claims. The Court will attempt to summarize those persons and claims.

Persons against whom specific claims are alleged:

- Calhoun County Judge Tina Yost Johnson "has violated the United States Takings Clause" (ECF No. 1, PageID.3.);
- The State Bar of Michigan took actions "in reference to Canada Territories in violation of the International Treaty Geneva Convention" (*id*. at PageID.4.) and with "the tribunal" may have taken actions "related to homosexuality [and] police abuse (ECF No. 2, PageID.10.);
- The Calhoun County Clerk "refus[ed] to file" (an unnamed document or pleading), as directed by the Chief Judge of the county (ECF No. 8, PageID.28.);
- Sheriff's Deputy Everett committed a civil rights violation, "'chain injury' transport negligence" (ECF No. 10, PageID.68.);

Persons named but against whom no allegations are made:

- Calhoun County Judge Jaconette (ECF No. 1, PageID.2.);

- Joan Yukins of the Michigan Department of Corrections (*Id.* at PageID.3.);

- Larry D. Fairchild (Caption.);

Similarly, plaintiff states that she has "served" the following entities or individuals, although she cites no claims against them: the Sheriff, the Administration of the Courthouse, President Donald Trump, United States Supreme Court Justice Anthony Kennedy, General John Kelly, Governor Rick Snyder, and Gretchen Whitmer. (ECF No. 8, PageID 27–28.)

Plaintiff also raises the following claims without naming an individual responsible for the alleged constitutional violation:

- Forced false imprisonment (ECF No. 1, PageID.1; ECF No. 10, PageID.100.);

- No vending card or money for stamps to which she is entitled (ECF No. 2, PageID.12.);

- "False reports" in her record (ECF No. 8, PageID.27.);

- Health concerns regarding an overflowing toilet and weight loss due to bugs in her food and other dietary problems (*Id.* at PageID.38–40.);

- Life-threatening health conditions not being treated (*Id.* at PageID.43.);

- Assault by "persons" and by nine police officers. (ECF No. 10, PageID.68, PageID.76.)

## II. *In forma pauperis* status

Fairchild is currently confined at the Michigan Center for Forensic Psychiatry, as the Calhoun County District Court found her incompetent to stand trial. (ECF No. 10, PageID.83.) She did not prepay the filing fee for this action nor did she seek approval to file *in forma pauperis*. On July 9, 2019, the Court issued an order of deficiency. (ECF No. 7.) On July 11, 2019, Fairchild applied for *in forma pauperis* status, using the District Court's standard form. (ECF No. 9.) On September 4, 2019, Fairchild supplemented her application with statements of her Michigan Center for Forensic Psychiatry accounts from May 2019 to August 2019. (ECF No. 12.) The Court grants Fairchild's application to proceed *in forma pauperis*.

However, because Fairchild's complaint and related pleadings fail to state a claim upon which relief may be granted, the Court will dismiss the lawsuit.

### III. Screening and Pleading Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss *sua sponte* any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Federal Rules of Civil Procedure require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed factual allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court must accept a plaintiff's allegations as true unless they "rise to the level of irrational or the wholly incredible." *Patterson v. Goodward*, 370 F. App'x 608, 609 (6th Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). A *pro se* civil rights complaint is to be construed liberally. *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 353 (6th Cir. 2006). However, this does not relieve a *pro se* plaintiff of the duty to satisfy basic pleading essentials. *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). If a complaint proffers nothing more than "conclusory,

unsupported allegations" of wrongdoing by defendants, then dismissal is appropriate. *Pack v. Martin*, 174 F. App'x 256, 258 (6th Cir. 2006). The complaint "'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (internal citation omitted). A private person may act under color of state law "if they willfully participate in joint activity with state agents." *Cramer v. Detroit*, 267 F. App'x 425, 427 (6th Cir. 2008).

## IV. Analysis

Plaintiff's pleadings mention numerous persons and several possible deprivations of constitutional rights. However, despite a liberal reading of plaintiff's allegations, the pleadings do not state a plausible claim to relief.

## A. Larry Fairchild

Larry D. Fairchild is the only defendant named in the caption. Not only does plaintiff fail to allege that Larry Fairchild caused any constitutional injury, nothing in her complaint suggests he may be considered a "state actor." Plaintiff does not allege that Larry Fairchild is a government official, acted under the authority of the state, or conspired with the state. *See Cramer*, 267 F. App'x at 427. Any claims against Larry Fairchild are dismissed.

## B. Persons named against whom no allegations are made

In her complaint and related filings, plaintiff names but makes no allegations against several individuals many of whom she asserts she has served. "Although *pro se* pleadings are to be liberally construed, courts are not required to conjure up unplead allegations or guess at the nature of an argument." *Durrstein v. Arthur*, 28 F. App'x 466, 467 (6th Cir. 2002). The following individuals must be dismissed from the action because plaintiff has provided no factual allegations against them: Calhoun County Judge Jaconette, Joan Yukins, Calhoun County Sheriff, the Administration of the Courthouse, President Donald Trump, Supreme

8

Court Justice Anthony Kennedy, General John Kelly, Governor Rick Snyder, and Gretchen Whitmer.

**C. Persons named who are immune from suit**

Next, plaintiff fails to state a claim upon which relief may be granted for those persons who are immune from suit. "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Similarly, "[a] court clerk who refuses to file a document with the court . . . is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (internal citation omitted). Thus, any claims against Judge Tina Yost Johnson or the Calhoun County Clerk must be dismissed.

**D. The State Bar of Michigan**

Plaintiff's claims against the State Bar of Michigan are unsupported by any factual allegations. Plaintiff alleges the State Bar of Michigan took actions in violation of the "International Treaty Geneva Convention" (ECF No. 1, PageID.4.) and, with "the tribunal" (not otherwise described), may have taken actions "related to homosexuality [and] police abuse." (ECF No. 2, PageID.10.) A court is not obligated to

accept as true allegations that clearly irrational or wholly incredible. *Denton,* 504 U.S. 25, 33 (1992). And to demonstrate entitlement to relief, the complaint must contain allegations of all elements supporting "recover[y] under some viable legal theory." *Barhite*, 377 F. App'x at 510. Plaintiff's allegations do not meet the latter minimum standard and are irrational. Any claims against the State Bar of Michigan will be dismissed.

### E. Sheriff's Deputy Everett

Plaintiff states that Sheriff's Deputy Everett committed a civil rights violation she describes as "'chain injury' transport negligence." (ECF No. 10, PageID.68.) This claim fails to meet *Twombly* minimum pleading standards. That is, a claimant's factual allegations "must provide not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556 n. 3. (citing 5 Wright & Miller § 1202, at 94, 95). Plaintiff fails to explain the circumstances or details of the alleged "chain injury" sufficient to provide fair notice to Sheriff's Deputy Everett. This claim will be dismissed without prejudice. Plaintiff may refile her complaint naming Sheriff Deputy Everett as the

defendant if she can explain what "'chain injury' transport negligence" is and how she was harmed by it.

### F. Plaintiff's constitutional claims without named defendants

Plaintiff's constitutional claims without named defendants for the most part fail. To establish entitlement to relief under 42 U.S.C. § 1983, a plaintiff must not only allege a constitutional violation but must establish that it was "caused by a person acting under the color of state law." *Dominguez*, 555 F.3d at 549. Plaintiff's claims regarding forced false imprisonment, lack of a vending card or money for stamps, false reports in her record, health concerns regarding an overflowing toilet, weight loss due to bugs in her food and other dietary problems, and life-threatening health conditions do not allege a causal connection to any state actor. Where no defendant is named or even suggested, a plaintiff cannot establish her entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2).

However, plaintiff alleges that she was assaulted by nine police officers. (ECF No. 10, PageID.68, PageID.76). While this allegation alone is insufficient to state a claim in this action, as plaintiff only names Larry Fairchild as a defendant, it does sufficiently identify a state actor—namely, nine unknown police officers. Plaintiff's claim of assault will be

dismissed without prejudice, and plaintiff may refile her claim against the nine unknown police officers as defendants, if she has additional factual allegations relating to the alleged assault.

V.  **Conclusion and Order**

Accordingly, for the reasons stated above, the Court **GRANTS** plaintiff's application to proceed *in forma pauperis.*

Plaintiff's complaint is **DISMISSED WITH PREJUDICE** with respect to Larry Fairchild, Calhoun County Judge Jaconette, Joan Yukins, Calhoun County Sheriff, the administration of the Courthouse, Donald Trump, Supreme Court Justice Kennedy, Gen. John Kelly, Rick Snyder, Gretchen Whitmer, Judge Tina Yost Johnson, the Calhoun County Clerk, and the State Bar of Michigan. Plaintiff's complaint is **DISMISSED WITH PREJUDICE** with respect to claims regarding forced false imprisonment, lack of vending card or money for stamps, false reports in her record, health concerns regarding an overflowing toilet, weight loss due to bugs in her food and other dietary problems, and life-threatening health conditions.

Additionally, for the reasons stated above, plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** with respect to Sheriff's Deputy Everett and plaintiff's claim of assault by nine police officers.

To the extent that plaintiff's "Request for Hearing, Injunction" (ECF No. 3) is intended to be received as a motion, this motion is **DENIED AS MOOT.**

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

IT IS SO ORDERED.

Dated: September 10, 2019　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2019.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　Case Manager